Kevin P. McCulloch (D.C. Bar No. 502494)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIRJAM LETSCH, | Civil Action No. |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| | **AND DEMAND FOR JURY TRIAL** |
| MICHAEL EVERTSEN, | |
| KELLI EVERTSEN | |
| *Defendants*. | |

Plaintiff Mirjam Letsch ("Plaintiff"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for her Complaint against Defendants Michael Evertsen and Kelli Evertsen (together "Defendants" or "Evertsens"), asserts and alleges as follows:

**PARTIES**

1.  Plaintiff Mirjam Letsch is professional photographer and resides in The Netherlands.

1

2. Plaintiff is the sole creator, author, and registered owner of the copyrights in and to an original photograph titled "Portrait of a woman from the Bhopa tribe in the Indian desert state of Rajasthan, drinking chai (traditional masala tea)" (hereinafter the "Photograph").

3. Upon information and belief, Defendant Michael Evertsen is a founding partner of Southern Proper Hospitality, LLC ("SPH"), a company formed by a group of restauranteurs to develop and operate various restaurants and similar businesses.

4. SPH owns and operates a restaurant in Washington, D.C., called "Gypsy Kitchen," located at 1825 14th Street NW, Washington, DC 20009 ("Gypsy Kitchen D.C.").

5. Upon information and belief, Defendant Kelli Evertsen is married to Michael Evertsen and at one time served as the registered agent for SPH related to the Gypsy Kitchen restaurant.

## JURISDICTION AND VENUE

6. This is an action for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501, based on Defendants' unauthorized copying, distributing, displaying, publishing, and exploiting of Plaintiff's copyrighted Photograph.

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights and unfair competition).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a).

9. This Court has personal jurisdiction over Defendants given the substantial and ongoing business that Defendants conduct in this District, the substantial revenue earned by Defendants from their business dealings in this District, and because Defendant Michael Evertsen used his position at SPH to illegally obtain access to and a copy of an image file of Plaintiff's Photograph for his family's unauthorized personal use from an SPH employee who had access to the image file which had used to create an unauthorized mural in the Gypsy Kitchen D.C. restaurant, as alleged more fully herein.

## GENERAL ALLEGATIONS

10. Plaintiff created and owns all copyrights in and to the Photograph at issue here:



11. Plaintiff's copyright in the Photograph is registered with the U.S. Copyright Office under Registration No. VA 2-243-254 with an effective date of February 17, 2021.

12. Plaintiff currently is involved in pending litigation against SPH in this District regarding the unauthorized use of her Photograph at Gypsy Kitchen D.C. *See Letsch v. Southern Proper Hospitality, LLC, et al.*, No. 1:21-cv-01840-TJK (D.D.C.) (the "SPH Action").

13. Defendants' infringements alleged in this action are separate and different from those alleged in the SPH Action, but the background of that case is relevant here.

14. In or about 2014, Plaintiff licensed her Photograph for limited use by SPH to create one mural one of SPH's restaurants in Atlanta, Georgia.

15. Despite being on notice of the restrictions of its license, SPH made significant additional, unauthorized uses of Plaintiff's Photograph, including but not limited to creating an unauthorized mural of the Photograph that was publicly displayed in the Gypsy Kitchen, D.C. restaurant.

16. After the SPH Action had been filed, Defendant Kelli Evertsen contacted Plaintiff to request to purchase a print of the Photograph.

17. Plaintiff did not grant this request, nor did Plaintiff grant or sell any license of any sort to the Defendants at any time.

18. Despite being on notice of Plaintiff's copyrights in the Photograph and being well aware of the copyright infringement claims against SPH that were pending in federal court, and also knowing that Plaintiff had not granted the request to purchase a print of her Photograph, Defendants nevertheless knowingly and willfully chose to violate Plaintiff's copyrights and gain a copy of Plaintiff's Photograph and make illegal and unauthorized uses of her Photograph as alleged herein.

19. Specifically, upon information and belief, Defendant Michael Evertsen used his position at SPH to illegally obtain access to and a copy of an image file of Plaintiff's Photograph

for his family's unauthorized personal use from an SPH employee who had access to the image file that was used to create the unauthorized mural in the Gypsy Kitchen D.C. restaurant.

20. Upon information and belief, Defendants' overt actions that constitute their infringements of Plaintiff's copyrights accrued well after the SPH Action had been filed and are not intertwined with or related to the infringements alleged in the SPH Action.

21. Upon information and belief, after acquiring the unauthorized copy of the image file of Plaintiff's Photograph, Defendants engaged an unknown third party to create a large-format print of the Photograph to be displayed prominently on their Hattaras motor yacht, tellingly named the *GypSea*.

22. In addition to creating an unauthorized print of the Photograph, Defendants also published to their publicly accessible social media accounts and other public platforms multiple photographs that include Plaintiff's Photograph in the background and multiple stand-alone copies of Plaintiff's Photograph, thus further using, publicizing, and displaying Plaintiff's Photograph without permission or a license.

23. Upon information and belief, Defendants published multiple photographs taken on their *GypSea* yacht that include Plaintiff's Photograph in the background to their publicly accessible social media platforms, thus further using, publicizing, and displaying Plaintiff's Photograph without permission or a license.

24. As shown below, Defendants created a publicly accessible Instagram account under the handle @gypsea_trip where they uploaded and published photographs featuring the unauthorized and infringing print/mural of the Photograph being used in the interior of the yacht:



25. Upon information and belief, Defendants (or their minor child) also uploaded a stand-alone copy of Plaintiff's Photograph to their public Spotify account for use as the header image of a "public playlist" also entitled "GYPSEA," again further using, publicizing, and displaying Plaintiff's Photograph without permission or a license.



26. Upon information and belief, Defendant Kelli Evertsen also uploaded or used copies of Plaintiff's Photograph to plan and decorate the interior of the *GypSea* yacht, as shown on her public Pinterest page:

6



27. Attached hereto as <u>Exhibit 2</u> are true and correct copies of the full screen captures of the social media and online platforms listed above.

28. Defendants' unlicensed, unauthorized, and uncompensated copying and exploitation of Plaintiff's copyrighted Photograph injured Plaintiff, including by depriving Plaintiff of the rightful compensation for the use of her creative work and infringing on her exclusive rights to control the copying and exploitation of this creative work.

29. The full and complete scope of Defendants' unauthorized uses of the Photograph is not yet known to Plaintiff, and thus the above infringing uses are not intended to be exhaustive.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

30. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

31. Plaintiff is the exclusive owner of the copyrights in and to the Photograph.

32. Defendants copied, published, and displayed Plaintiff's Photograph without a valid license or permission, including as alleged herein.

33. Upon information and belief, Defendants exercised control over all actions/conduct alleged herein with respect to the unauthorized use of Plaintiff's Photograph and are directly responsible for such infringements.

34. Defendants' unauthorized copying and use of Plaintiff's copyrighted work was willful, intentional, and/or reckless, including because such uses occurred after Defendants were on notice of Plaintiff's copyrights, after Defendants were on notice of Plaintiff's copyright claims against SPH, and after Defendants were on notice that Plaintiff was not willing to sell them a print of her Photograph.

35. Upon information and belief, Defendants had actual knowledge that Plaintiff had not authorized the use of the Photograph to create a print for their *GypSea* yacht prior to doing so.

36. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing uses of Plaintiff's creative work and the damages suffered as a result of the lack of compensation, credit, and attribution.

37. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter to the extent that they may be available under the law.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1. A permanent injunction against Defendants precluding them from any further uses the Photograph, including on social media and any other websites under their custody or control.

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages;

3. Plaintiff's full costs and attorneys' fees incurred in pursuing and litigating this matter, to the extent available under the law; and

4. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated August 29, 2025

                                                  Respectfully submitted,

                                                  MCCULLOCH KLEINMAN LAW

By: _____
                                                  Kevin P. McCulloch
                                                  501 Fifth Avenue, Suite 1809
                                                  New York, New York 10017
                                                  T: (212) 355-6050
                                                  F: (206) 219-6358
                                                  Kevin@mkiplaw.com

                                                  *Attorney for Plaintiff*